# NOVEMBER 9, 1938

EUGENE H. BABER and ROBERT E. RYAN v. THE STATE.

No. 19918.  Delivered November 9, 1938.

The opinion states the case.

*Irvin B. Crews,* of Tivoli, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellants were convicted of the theft of property over the value of fifty dollars, to-wit: an automobile, and given a penalty of two years in the penitentiary.

There are no bills of exception in the record, but we gather from the statement of facts the following:

On December 15, 1937, in the morning, Mr. L. A. Bryan drove up to the court house in Refugio and parked his car there; that he was gone about thirty minutes, and when he returned his car was gone, and taken without his consent. That on December 2, 1937, the sheriff of that county had arrested both of the appellants, who were together at such time, and had confined them in the jail there until the morning of December 15, 1937, at which time somewhere about 8 o'clock they were turned out of jail and told to leave town. We next find appellant Ryan and another person who was not identified, attempting to dispose of this stolen car to the keeper of a parking lot in Houston, at about 4:30 the same afternoon. The evidence positively identifies Robert Ryan, but could not identify his companion on account of the fact that such companion remained hidden in the car and did not come within the plain view of such witness. On account of the suspicious actions of appellant Ryan, the parking lot keeper Mr. Aleme notified the police department, and appellant Ryan and his unidentified companion got in such car and left, but not before the parking lot keeper had taken the number of such car.

Mr. Haasdorf, chief deputy sheriff of Refugio County, testified without objection that sometime after the car was stolen he received word from the police department of Houston that "they had jumped these two defendants out of this car—they were forced to leave it, and they got away, but that they thought they would catch them in a couple of hours. A few days later they called us and said they had the two men who had been trying to sell the car to a parking lot or something run by Mr. Aleme. When the police reported that the car had been found they sent us a picture of the defendants Ryan and Baber."

Appellant Baber then took the stand and testified that he was in the Refugio jail until December 15th, at which time he was turned out a little before dinner time, and told to get out of town. That both appellants started out of town together,

and a man named Murray Keys picked them up in about fifteen minutes and took them to Woodsboro, and appellant Baber then detailed their movements until their arrest in Houston. That he and appellant Ryan were together all the time after leaving Refugio until they were arrested at Houston.

Appellant Ryan then took the stand and corroborated the testimony of Baber in all respects, claiming to have immediately gotten a ride with Murray Keys after being turned out of jail at Refugio, and that he and Baber were together at all times thereafter until arrested at Houston. That they did not steal this car.

Murray Keys was presented as a witness and denied ever having seen the appellants, denied having picked them up and carried them to Woodsboro, denied being on such road at that date, denied driving a pick-up truck at such time, and denied giving appellants a ride anywhere at any time.

Appellants insist that the evidence is insufficient to predicate a verdict of guilty against either one, and especially so against appellant Baber.

The court charged on circumstantial evidence, and under such charge the jury convicted each of the appellants, and in our judgment they were justified in so doing.

The judgment is affirmed.